**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

WARREN H. FOSTER,

    Plaintiff - Appellant,

v.

JEFF LONG, Warden, SCF; ANDRE
STANCIL, Exec Dir. CDOC; PHILIP
WEISER, Attorney General,

    Defendants - Appellees.

No. 25-1399
(D.C. No. 1:25-CV-01060-LTB)
(D. Colo.)

———————————————

**ORDER AND JUDGMENT***

———————————————

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

———————————————

Warren Foster, a Colorado inmate proceeding pro se, initiated this case by filing a motion for extension of time. Because that motion did not identify the claims Foster intended to raise, a magistrate judge ordered

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Foster to clarify the nature of his case by filing either a habeas petition or complaint within thirty days.[1] In response, Foster indicated that he intended to file a habeas petition. But he did not file a petition by the initial thirty-day deadline. The magistrate judge *sua sponte* extended that initial deadline, following which Foster asked for and received two additional extensions.

Eight days after the final extended deadline passed, Foster still had not filed his petition, nor had he asked for another extension. As such, the district court dismissed without prejudice Foster's case for failure to prosecute under Federal Rule of Civil Procedure 41(b). The district court then entered judgment, and Foster appealed. We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Foster raises various habeas claims challenging his conviction, but he does not address the basis for the district court's dismissal: failure to prosecute under Rule 41(b). Foster has waived any challenge to the district court's dismissal and his appeal is therefore meritless. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th

---

[1] This order was not included in the record on appeal. However, we may "take judicial notice of documents appearing on the district court's docket" under Federal Rule of Evidence 201. *Shields L. Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1259 (10th Cir. 2024) (collecting cases).

2

Cir. 2004) (citation omitted). Accordingly, we deny Foster's motion to proceed in forma pauperis and dismiss his appeal.

APPEAL DISMISSED.

Entered for the Court

Richard E.N. Federico
Circuit Judge